# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

TRAVIS J. SMITH,

    Petitioner,

    v.        Case No. 05-C-34

PHILLIP KINGSTON
 Warden, Waupun Correctional Institution,

    Respondent.

# ORDER RE: MOTIONS FOR DISCOVERY AND EVIDENTIARY HEARING

    The petitioner filed a petition for a writ of habeas corpus and an application to proceed without prepayment of fees with an affidavit on January 13, 1005.  Subsequently, the petitioner paid the $5.00 filing fee.  Counsel was appointed to represent the petitioner at his request, but later counsel was granted leave to withdraw due to a breakdown in communications.

    On January 4, 2006, the petitioner filed a motion for discovery and for an extension of time to file his brief in support of the petition. The motion for discovery was denied, but the petitioner's motion for an extension of time to file his brief was granted.  New counsel was appointed for the petitioner, but on March 2, 2006, counsel moved to withdraw and the motion was granted.

    The petitioner then filed a motion for an evidentiary hearing and for discovery on March 16, 2006.  He stated that he will be claiming actual innocence in response to the respondent's argument that he has procedurally defaulted his claims and requested an evidentiary hearing

to determine whether the identification of his fingerprints found at the crime scene were fabricated. The petitioner stated that the state courts had denied his post-conviction motion and his Wis. State. § 974.06 motion for an evidentiary hearing. The petitioner appealed all the circuit court decisions and the Wisconsin Court of Appeals summarily denied the petitioner's appeal on February 14, 2006. Because the petitioner's petition for review with the Wisconsin Supreme Court was still pending, this court denied the petitioner's motion for an evidentiary hearing and for discovery without prejudice. See Court's Order of November 5, 2006, at 5. The court advised the petitioner that he could renew his motion, if deemed necessary, after completion of his state court appeal.

On August 2, 2006, the respondent filed an amended answer to the petition, advising the court that the Wisconsin Supreme Court had denied the petitioner's petition for review on July 25, 2006. Copies of the appeals courts' decision were attached to the amended answer.

On August 8, 2006, the petitioner filed a renewed motion for discovery and for an evidentiary hearing. (Docket # 36). He filed a supplement to the motion for an evidentiary hearing and for discovery on October 10, 2006. (Docket # 37). On October 12, 2006, the petitioner filed a supplement to the motion for discovery (Docket # 38) and on October 19, 2006, he filed an amended motion for evidentiary hearing and discovery. (Docket # 39). The respondent has not filed a response to these motions which will be addressed herein.

The petitioner asserts that the Milwaukee Police Department (MPD) knowingly and intentionally fabricated the probable cause for the petitioner's arrest which consisted of two false identifications – a fingerprint identification and a photo-array identification. He states that he was not aware at trial or before that these two identifications were false and/or that the expert fingerprint technician gave false testimony about the fingerprint identification.

(Renewed Motion for Discovery and Evidentiary Hearing [Renewed Motion] at 2, Docket # 36). Specifically, the petitioner states that "the police invented the identification and its factual basis, unlawfully by perjury and the manufacturing of a second set of prints not from the crime scene." (Amended Motion for Evidentiary Hearing and Discovery [Amended Motion] at 1-2, Docket # 39)

The petitioner also states that the fingerprint cards which he examined prior to trial on February 26, 2002, at a meeting with Assistant District Attorney James Frisch and Identification Technician Judith Immel were not marked on the back, but that the actual fingerprint cards testified to by Identification Technician Kasperzak were marked on the back with his handwriting. See Amended Motion at 5, Docket # 39; see also, Motion for Evidentiary Hearing and Discovery filed March 16, 2006, at 3-4, Docket #32).

The petitioner also challenges Identification Technician Immel's testimony at trial, including her statement that the Automated Fingerprint Identification System (AFIS) identified the petitioner as the number one candidate and her use of an incorrect identification number for the petitioner. Amended Motion at 3-4B, He takes issue with the court of appeals conclusion that he has not established that Technician Immel testified falsely and that her testimony reciting the incorrect identification number was anything other than a mistake that was later corrected.

The petitioner seeks independent testing of the latent fingerprints to determine if they are his prints and also to determine if they are actual authentic prints, since two sets of fingerprints may have been used. (Supplement to Motion for Evidentiary Hearing and Discovery [Supplement to Motion] at 1, Docket # 37). He requests that an fingerprint expert examine the latent fingerprints and testify to the results of his examination. He also requests

an in camera inspection of the latent fingerprints collected by MPD Identification Technician Jack Kaspersak so that a determination can be made if the latent fingerprints actually exist and whether they are marked or unmarked on the back. Id. at 2.

The petitioner also seeks production of the two original videos in his state case. asserting that the videos in the state record were edited and illegally altered. (Renewed Motion for Discovery and Evidentiary Hearing [Renewed Motion] at 4, Docket #36); see also Petitioner's Motion for Discovery - Extention [sic] at 5, Docket # 27). He states that court-ordered production is needed because the police assert that the videos in the state record are, in fact, the originals.

The petitioner wants to take the depositions of the following individuals: Identification Technicians Kasperzak and Immel, Lynn Farina, branch manager at the Brown Deer branch of Guaranty Bank and her supervisor, Cary Thomason. Id. at 4. He also states that he needs to obtain facts from a former supervisor at Guaranty Bank, Sue Claerbout, and Cheryl Schumacher, a teller at the bank. Id. In addition, the petitioner also now seeks to take the deposition of or obtain an affidavit from the prosecutor, ADA Frisch. (Motion for Discovery - Supplement at 1, Docket # 38).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Granting discovery is left to the discretion of the court. See Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 6(a) provides that "a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good

cause shown grants leave to do so, but not otherwise." Bracy v. Gramley, 520 U.S. at 904 (quoting Rules Governing § 2254 Cases Rule 6[a]).

Mindful of the potential abuse of excessive litigation, the courts have determined that in order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of a constitutional claim, and show good cause. Id. Good cause is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). Alternately, good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." Id. A motion will be denied if based on conclusory allegations or a laundry list of records sought, since it would contravene the purpose of the good cause standard. Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994).

The ability of a habeas petitioner to introduce new evidence into the record depends on the interplay between two provisions: 28 U.S.C. § 2254(e)(2) and Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. See Owens v. Frank, 394 F.3d 490, 498 (7th Cir. 2005). Section 2254(e)(2) addresses the requirements to obtain an evidentiary hearing. It provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A).

Rule 7 provides for expansion of the record. Specifically, Rule 7(a) provides:

If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

- 5 -

Rule 7(b) explains that "affidavits may be submitted and considered as a part of the record."

"A federal court's ability to hold an evidentiary hearing in order to supplement the record when the petitioner 'has failed to develop the factual basis of a claim in State court proceedings' is severely circumscribed." Boyko v. Parke, 259 F.3d 781, 789-90 (7th Cir. 2001)(quoting 28 U.S.C. 2254[e][2]); see also, Williams v. Taylor, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

The Supreme Court clarified the scope of § 2254(e)(2)'s restrictions in Williams v. Taylor, 529 U.S. 420 (2000). In that case, the Court held that, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. The Court emphasized that the focus should be on whether the petitioner was diligent in his efforts to develop the facts, not on whether they were discoverable. See id. at 435. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . .." Id.

The petitioner seeks production of two original videos relating to his state court case. He also seeks to obtain discovery from six named individuals. It is well-established that in habeas cases, a federal court is not an alternate forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. Williams v. Taylor, 529 U.S. at 437. In this case, the plaintiff has not established good cause for his requested discovery and, therefore, his motions for discovery will be denied. See Bracy, 520 U.S. at 904; Rule 6[a] of the Rules Governing § 2254 Cases.

Moreover, there is no indication that this information was not discoverable through the exercise of due diligence at the time of the petitioner's state court proceeding. Thus, the petitioner has not made the showing required by 28 U.S.C. §2254(e)(2). Accordingly, the petitioner is not entitled to an evidentiary hearing and, therefore, his motions for an evidentiary hearing will be denied.

In light of the foregoing, the scheduling order issued by this court will be modified as follows: the petitioner shall serve and file his brief in support of his petition for a writ of habeas corpus on or before January 29, 2007. The respondent shall serve and file his opposing brief on or before March 1, 2007. The petitioner shall serve and file a reply brief, if any, by May 15, 2007.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that petitioner's renewed motion for discovery and for an evidentiary hearing (Docket #36) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's supplement to the motion for an evidentiary hearing and for discovery (Docket #37) be and hereby is **denied**.

**IT IS ALSO ORDERED** that the petitioner's supplement to the motion for discovery (Docket #38) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's amended motion for an evidentiary hearing and for discovery (Docket #39) be and hereby is **denied**.

**IT IS ALSO ORDERED** that the parties shall proceed upon the following amended briefing schedule:

1. The petitioner shall serve and file his brief in support of his petition for a writ of habeas corpus no later than **January 29, 2007**.

2. The respondent shall serve and file his opposing brief no later than **March 1, 2007**.

3. The petitioner shall serve and file a reply brief, if any, on or before **March 15, 2007**.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge