# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS J. SMITH,

        Petitioner,

v.                             Case No. 05-C-34

PHILLIP KINGSTON, Warden,
Waupun Correctional Institution,

        Respondent.

## ORDER RE: MOTIONS FOR DISCOVERY
## AND EVIDENTIARY HEARING

On January 13, 2005, the petitioner filed a petition for a writ of habeas corpus and, subsequently, he paid the $5.00 filing fee. The petitioner filed various motions for discovery and for an evidentiary hearing. The court denied the petitioner's motions on December 11, 2006. On December 18, 2006, the petitioner filed a "Motion for Reconsideration for Discovery and Evidentiary Hearing." (Docket # 42). On December 22, 2006, he filed a supplemental "Motion for Reconsideration for Evidentiary Hearing." (Docket # 43). These motions will be addressed herein.

In its December 11, 2006, decision, the court explained that, unlike the usual civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Granting discovery is left to the discretion of the court. See Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 6(a) provides that "a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in

the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Bracy, 520 U.S. at 904 (quoting Rules Governing § 2254 Cases Rule 6[a]).

In order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of a constitutional claim, and show good cause. Id. Good cause is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). In the alternative, good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." Id.

The court also advised that petitioner that 28 U.S.C. § 2254(e)(2) addresses the requirements to obtain an evidentiary hearing and provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2)(A). "A federal court's ability to hold an evidentiary hearing in order to supplement the record when the petitioner 'has failed to develop the factual basis of a claim in State court proceedings' is severely circumscribed." Boyko v. Parke, 259 F.3d 781, 789-90 (7th Cir. 2001)(quoting 28 U.S.C. 2254[e][2]); see also, Williams v. Taylor, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

In Williams v. Taylor, 529 U.S. 420, 432 (2000), the Court held that, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." The Court emphasized that the focus should be on whether the

- 2 -

petitioner was diligent in his efforts to develop the facts, not on whether they were discoverable. See id. at 435. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . .." Id.

In his first motion for reconsideration, the petitioner pointed out that in his amended motion for discovery and an evidentiary hearing, he was only requesting to take the deposition of two individuals, Identification Technicians Judith Immel and Jack Kasperzak. The petitioner reiterates arguments made in his earlier discovery motion, including that he was not allowed to interview them prior to trial. He states that both technicians have facts that should explain why two sets of fingerprints were used. Identification Technician Immel testified about the petitioner's fingerprints at trial. The testimony relating to his fingerprints and his identification number was presented at the trial and the witness was subject to cross examination. The petitioner provides no indication that the information he now seeks was not discoverable through the exercise of due diligence in the state court proceeding. The petitioner has not established good cause for the discovery he seeks. Therefore, his motion for reconsideration of the denial of his motions for discovery will be denied.

In his motions for reconsideration, the petitioner also seeks reconsideration of the court's denial of his prior motions for an evidentiary hearing on his claim that the police fabricated the fingerprint identification. This issue was raised by the petitioner in his post-conviction motion in which he alleged newly-discovered fingerprint evidence. The Wisconsin court of appeals denied his motion. In seeking discovery and an evidentiary hearing, the petitioner has asserted that he discovered after trial that his identification number was 206624, not number 329736 as Ms. Kimmel also testified. See Petitioner's Amended Motion

- 3 -

for Evidentiary Hearing and Discovery filed October 19, 2006, at 4B.  However, Ms. Kimmel testified to both numbers at trial and, as the appeals court pointed out, she once referred to the petitioner by the incorrect identification number and then corrected her testimony and identified the petitioner as number 206624.  (Amended Answer to Petition for a Writ of Habeas Corpus., Exh. Y at 3).  In addition, the petitioner acknowledged in an earlier court filing that he had seen the two sets of fingerprint cards prior to the trial.  He states that it was only after trial that he realized that the cards in Exhibit 37 were the actual physical latent print cards with Mr. Kasperzak's markings.  (Petitioner's Amended Motion for Evidentiary Hearing and Discovery filed October 19, 2006, at 8).  Thus, this information was available and discoverable through the exercise of due diligence at the time of the petitioner's state court proceeding.

Upon review, the court concludes that the petitioner has not made the showing required by 28 U.S.C. §2254(e)(2).  He has not shown that he was diligent in his efforts in state court to obtain the information he seeks. It is well-established that in habeas cases, a federal court is not an alternate forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.  <u>Williams</u>, 529 U.S. at 437.  In this case, the plaintiff has not shown that he exercised due diligence to obtain the facts.  <u>See</u> <u>Williams</u>, 529 U.S. at 435.  Accordingly, the court concludes that the petitioner's motions for reconsideration of its decision denying his motions for an evidentiary hearing will be denied.  In sum, for the reasons stated herein, the petitioners motion and supplemental motion for reconsideration of the court' denial of his requests for discovery and an evidentiary hearing will be denied.

- 4 -

Case 1:05-cv-00034-PJG   Filed 12/26/06   Page 4 of 5   Document 44

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that petitioner's "Motion for Reconsideration for Discovery and Evidentiary Hearing" (Docket # 42) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's supplementary "Motion for Reconsideration for Evidentiary Hearing" (Docket # 43) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge